UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DOUGLAS NETTER, JR. | CIVIL ACTION NO. 05-1910 |
| versus | JUDGE STAGG |
| | **REFERRED TO**: |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

**Introduction**

Douglas Netter, Jr. ("Plaintiff") has a twelfth grade regular education and past work experience that includes employment as a dishwasher, packager and housekeeper. He was 47 years old when ALJ Charles Lindsay denied his application for benefits.

The ALJ reviewed the claim under the familiar five-step sequential analysis. He found that Plaintiff had not engaged in substantial gainful activity (step one) since his alleged onset date and that he suffered from severe impairments (step two) in the form of sciatica and pain disorder associated with both psychological factors and a general medical condition. At step three, the ALJ found that Plaintiff did not meet or equal a listed impairment that would require a finding of disabled without regard to his age, education or other vocational factors.

The ALJ, after reviewing the record evidence, determined that Plaintiff had a Residual Functional Capacity ("RFC") to perform light work activity, reduced by marked limitations in ability to understand, remember and carry out detailed instruction; with moderate limitations in ability to understand, remember and carry out simple instruction, maintain

attention and concentration for extended periods, interact appropriately with the general public and to set goals independently of others.

The ALJ heard testimony from a vocational expert ("VE") relevant to whether Plaintiff could return to his past relevant work (step four) or perform other jobs that are available in significant numbers in the economy (step five). The VE testified that Plaintiff was not capable of performing his past relevant work, but he identified jobs such as final assembler, finisher, patch worker, and cleaner, housekeeping that Plaintiff could perform. The ALJ accepted that testimony and found that Plaintiff was not disabled at step five of the analysis.

The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

Plaintiff raised two issues on appeal. He complains that the ALJ erred when (1) he disregarded Plaintiff's IQ scores that suggested Plaintiff met or equaled listing 12.05(C); and (2) he defined "moderate" as used in the RFC to mean "there is moderate limitation in this area, but the individual is still able to function satisfactorily."

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. <u>Villa v. Sullivan</u>, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Muse v. Sullivan</u>, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. <u>Johnson v. Bowen</u>, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Listing 12.05(C)**

Listing 12.05 (mental retardation) "refers to significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." The listing has four subsections that set forth certain criteria. Listing 12.05 is not met unless the impairment satisfies both the diagnostic description in the introductory paragraph and one of the four sets of criteria. 20 C.F.R. Part 404, subpart P, Appendix 1, § 12.00(A) (introduction). Subsection C is: "a valid verbal, performance, or full scale IQ of 60 through 70 and physical or other mental impairment imposing an additional and significant work-related limitation of function." Plaintiff claims that he meets or equals the listing.

Dr. Samuel Thomas, a psychologist, conducted a consultative evaluation of Plaintiff in 2005 when Plaintiff was 47 years old. Plaintiff was cooperative and appeared to display

his best effort on the tests. His scores on a standard IQ test were 66 (verbal), 69 (performance) and 65 (full scale), all within the range of subsection C. Tr. 149-53. The ALJ found that the scores were not an accurate reflection of Plaintiff's capabilities given that Plaintiff had graduated the twelfth grade in regular curriculum. Tr. 14.

Plaintiff bears the burden at the first four steps of the analysis, including a contention that he meets or equals a listing, but Plaintiff has not pointed to any evidence that establishes deficits in adaptive functioning that were manifested *before the age of 22*. Plaintiff's graduation from high school and, for years to follow, ability to hold several jobs is evidence to the contrary. Plaintiff has not established a lack of substantial evidence to support the ALJ's step three finding. Judicial relief is not warranted with respect to this issue.

**Moderate Mental Impairment**

The RFC found by the ALJ included moderate limitations in certain areas. The ALJ defined moderate to mean "there is moderate limitation in this area, but the individual is still able to function satisfactorily." Tr. 17. When the ALJ posed his written, hypothetical questions to the VE, he employed that same definition to explain what he meant when he found a moderate limitation in an area. The definition was even italicized for emphasis. Tr. 101. Based on that RFC and definition, the VE testified in written responses that a person with that RFC and Plaintiff's vocational factors could perform available work.

Plaintiff argues that the definition of moderate used by the ALJ is not consistent with the regulations. Plaintiff urges that moderate should be read to indicate a greater level of

limitation than employed by the ALJ's definition.  But Plaintiff does not attack the ALJ's finding that Plaintiff has an RFC in accordance with the definition employed by the ALJ.

The undersigned has addressed this issue at greater length in cases such as <u>Cantrell v. Commissioner</u>, 05 CV 868 and reasoned that, in these circumstances, the critical issue on appeal is not the precise definition of moderate under the regulations but how the ALJ defined the term for the VE and whether the VE knew that was the degree of limitation she was to assess.  As in <u>Cantrell</u>, there is no indication that the VE in this case relied upon a definition of moderate other than what the ALJ stated.  Rather, she answered the ALJ's questions based on a definition that he provided her to explain what he meant by a moderate limitation.

The Fifth Circuit recently affirmed the decision in <u>Cantrell</u> and held, in an unpublished opinion, that Mr. Cantrell did not show that the definition of moderate used by the ALJ conflicted with either the regulations or the Program Operations Manual System.  <u>Cantrell v. McMahon</u>, CA No. 06-30909 (5th Cir. 2/15/07). The Court added that moderate "was *not* used in a manner inconsistent with the regulations" and that there was "substantial evidence the vocational expert understood the degree of limitation at issue in assessing what level of work a person with Cantrell's RFC could perform."  Plaintiff's arguments are virtually identical to Mr. Cantrell's. The same result is warranted based on the record in this case.  A judgment affirming the Commissioner's decision will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 6th day of March, 2007.

                                                    MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE